UNITED STATES of America,
Appellee,

v.

Diogenes MONTILLA, a/k/a "Diogenes Castillo," a/k/a "Primavera,"
Defendant–Appellant.

Docket No. 03–1241.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2003.

Gregory Smith, Gregory Smith & Associates, New York, NY, for Appellant.

Lauren Goldberg, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Gary Stein, Assistant United States Attorney, of counsel), New York, NY, for Appellees.

PRESENT: OAKES, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Diogenes Montilla appeals the judgment imposed in the United States District Court for the Southern District of New York (Stein, J.), following a jury verdict convicting him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and distributing and possessing with intent to distribute approximately 4.9 kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). On March 29, 2003, Montilla filed a motion for habeas corpus relief pursuant to 28 U.S.C. §§ 2241–43 and 2255, arguing that his trial counsel was constitutionally ineffective. The district court dismissed Montilla's habeas petition on the ground that such relief was premature because Montilla had not been sentenced, and further concluded that defendant's claims of ineffective assistance of counsel were more appropriate for a direct appeal, or alternatively, a subsequent collateral attack on his conviction pursuant to 28 U.S.C. § 2255. Montilla was then sentenced to 63 months' incarceration, to be followed by a four-year term of supervised release, and a mandatory $200 special assessment. On direct appeal, Montilla argues that his trial counsel was constitutionally ineffective.

As a threshold matter, the Supreme Court's decision in *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), raises some question as to the appropriate forum for this claim. *Massaro* indicated that claims of ineffective assistance of counsel are best raised as § 2255 motions before the district court, as the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Id.* at 1694. However, where, as here, the resolution of ineffective assistance claims is "beyond any doubt or to do so would be in the interest of justice," this court may review such claims in the first instance on direct appeal. *United States v. Khedr,* 343 F.3d 96, 100 (2d Cir.2003) (internal quotation marks omitted).

A defendant claiming ineffective assistance of counsel bears the heavy burden of: (1) demonstrating that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms;" and (2) "affirmatively prov[ing] prejudice" from counsel's allegedly defective performance. *Strickland v. Washington,* 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For the reasons that follow, we conclude that defendant's ineffective assistance of counsel claims are without merit.

■ First, defendant argues that trial counsel was ineffective because he did not object to the admission of various pieces of evidence. Montilla challenges counsel's failure to object to the admission of wiretap recordings and transcripts of taped conversations into evidence on the grounds that they were improper hearsay. This claim is without merit, as the record clearly demonstrates that defense counsel recognized that the admitted evidence contained conversations between other members of the alleged narcotics conspiracy, and thus were statements by cocon-

spirators in furtherance of a conspiracy, admissible under Rule 801(d)(2)(E) of the Federal Rules of Evidence. Accordingly, defense counsel's stipulation to the wiretap evidence as admissible under Rule 801(d)(2)(E) was entirely reasonable.

■ Defendant also challenges trial counsel's stipulation to the admission of transcripts of wiretap conversations, which included both the original Spanish conversation and the English translation, on the ground that counsel was ineffective for failing to have an independent Spanish translator review the transcripts for accuracy prior to stipulating to their admissibility. This claim is equally unavailing, as defendant has not demonstrated that the transcripts contained any errors such that defense counsel's failure to object or to have the transcripts reviewed resulted in any prejudice to the defendant. Defendant also challenges defense counsel's failure to object to having the transcripts read into evidence, arguing that the jury should have heard the actual tape recordings translated by an official, court-appointed translator. Because defendant again has failed to demonstrate that the transcriptions contained any errors that resulted in prejudice to him at trial, this claim fails. Finally, defendant argues that defense counsel was ineffective for failing to object to the admission of a telephone conversation that had been "minimized." Specifically, defendant argues that defense counsel should have argued that the entire conversation, which featured a conversation between defendant's child and co-defendant Alonso's child, should have been submitted to the jury in order to provide the full context of the telephone conversation. As a government witness testified at trial, "minimization" occurs when law enforcement stops listening to a telephone conversation because the conversation no longer pertains to criminal matters. Be-

cause there was no recording of the entire conversation, defense counsel was not ineffective for failure to insist upon the admission of the entire conversation.

■ Second, defendant argues that defense counsel was ineffective because he "never advised [defendant] to take the stand to testify on his own behalf." A defendant's claim that he was denied the right to testify is considered a "component" of his ineffective assistance of counsel claim, and is therefore reviewed under the two-part *Strickland* standard. *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir.1997). Accordingly, courts are entitled to presume, unless the defendant can overcome the presumption, that defense counsel was effective and did not fail to advise the defendant of his right to testify. *Strickland*, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). Even if defense counsel failed to advise the defendant of his right to testify, *Strickland* requires that the defendant also demonstrate prejudice. Here, defendant's bald assertions fail to overcome the presumption that counsel did advise him of his right to testify, and that, if counsel failed to do so, that decision was the product of sound trial strategy. *See United States v. Simmons*, 923 F.2d 934, 956 (2d Cir.1991). Further, given the strength of the government's surveillance and wiretap evidence against him, and because he has not indicated the manner in which his proposed testimony would have led to his acquittal, defendant fails to demonstrate that he was prejudiced by not taking the stand in his own defense. *See Rega v. United States*, 263 F.3d 18, 21–26 (2d Cir. 2001) (holding that a defendant claiming that counsel prevented him from testifying in his own behalf must demonstrate a reasonable probability that his testimony

would have resulted in a different outcome at trial).

Third, defendant argues that his counsel was ineffective in failing to call defendant's brother, Luis Montilla, "to testify as to what he saw and heard on the day in question." It is well settled that "[t]he decision not to call a particular witness is typically a question of trial strategy that appellate courts are ill-suited to second-guess." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir.1998). Given defense counsel's strategy of arguing that Luis Montilla, rather than the defendant, was the person to whom Alonso brought the drugs, it is clear that defense counsel's decision not to call Luis Montilla as a witness was within the ambit of reasonable defense strategy. Further, because defendant has failed to identify any testimony by Luis Montilla that would have been helpful to his case, he has not demonstrated that he was prejudiced by defense counsel's decision not to call Luis Montilla as a witness.

Finally, defendant argues that defense counsel was ineffective in failing to conduct a thorough investigation of the case against him, and failed to offer into evidence "photographs, blueprints, drawings ... and/or sketches" of defendant's apartment building. These claims are also unavailing. To the extent that defendant argues that defense counsel could have "conducted more vigorous pre-trial discovery," such claims do not "establish the ineffectiveness of trial counsel." *United States v. DiTommaso*, 817 F.2d 201, 215 (2d Cir.1987). Moreover, defendant has not demonstrated the manner in which defense counsel's allegedly inadequate investigation prejudiced him at trial. Defense counsel's decision not to offer drawings or photographs of defendant's apartment building was completely reasonable, as multiple law enforcement officers had already described the building in their testimony. Indeed, based on this testimony, on summation, defense counsel argued that reasonable doubt existed as to which apartment in the multiple-unit building Alonso used as the repository for his cache of narcotics. Accordingly, defendant's case was in no way prejudiced by defense counsel's decision not to offer additional evidence of the building's layout.

For these reasons, the judgment of the district court is AFFIRMED.